T. W. T. RICHARDS, PLAINTIFF IN ERROR, v. B. Y. YODER ET AL., DEFENDANTS IN ERROR.

1. **Subrogation:** PLEADING. Suit to subrogate the plaintiff to the rights of the mortgagees in a chattel mortgage, given to indemnify defendants as sureties on a stay bond, given to stay a judgment, of which plaintiff is the owner. On demurrer to the petition, *Held*, Not necessary that the petition should negative the fact of said mortgage having been in fact discharged of record.

2. ———. Where a surety for the payment of a debt receives a security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security. *Curtis v. Tyler & Allen*, 9 Paige's Ch., 432.

THE PLAINTIFF in error brought an action in the district court of Cuming county, alleging in his petition, in substance, that on the twenty-third day of August, 1877, the defendant, B. Y. Yoder, confessed a judgment in the county court of Cuming county, Nebraska, in favor of one R. H. Lacey, for $409.64 and $2.00 costs of court, and the further sum of $37.00 as an attorney's fee; that to obtain a stay of execution on said judgment, the said B. Y. Yoder executed his undertaking with the defendants W. R. Artman and A. W. Mechling, sureties, and filed the same in the said county court; that on the fourteenth day of November, 1877, the said R. H. Lacey assigned said judgment to the plaintiff; that to indemnify the said sureties against loss and damage, in consequence of their liability upon said undertaking for stay, the said B. Y. Yoder and the said Rebecca Yoder made and delivered to the said sureties a chattel mortgage on certain personal property, which is set out and described in said petition; the consideration and condition of said mortgage were that, whereas, on the twenty-third day of August, 1877, the said B. Y. Yoder confessed a judgment in the said county court of said Cuming county, for $409.64 and $2.00 costs, in

favor of R. H. Laccy, of said place; and, whereas, the said W. R. Artman and A. W. Mechling entered into an undertaking as sureties for a stay of execution on said judgment; now if the said B. Y. Yoder shall pay said judgment, interest, costs, and accruing costs at the expiration of said stay, and shall keep the said sureties harmless, then this conveyance to be void; but if the said B. Y. Yoder shall fail to pay said judgment and interest and costs, then the said second parties (sureties) are authorized and empowered to take possession of said property and sell the same, and after paying all costs and charges they shall apply the remaining proceeds in payment of said judgment, and pay the surplus, if any, to the mortgagors; that said stay has long since expired, and the said B. Y. Yoder and the said sureties have failed to pay said judgment or any part thereof; that although the said B. Y. Yoder has failed and refused to pay the said judgment, the said Artman and Mechling have failed and refused to take possession of said property so mortgaged, and sell the same, and with the proceeds pay said judgment as they of right ought to do; and they have refused to assign said mortgage to the plaintiff; that the said B. Y. Yoder and the said W. R. Artman and A. W. Mechling are each insolvent, and have been insolvent ever since the expiration of said stay of execution, and the plaintiff is remediless at law for the collection of said judgment.

The plaintiff asked to be subrogated to the rights and interests of said Artman and Mechling in said chattel mortgage; that he be permitted to take possession of said property described in said mortgage, and sell the same and apply the proceeds to the satisfaction of his said judgment, as was intended by the parties to said mortgage. Defendants demurred to the petition, and upon a hearing thereof before BARNES, J., the demurrer was sustained and cause dismissed.

*Crawford & McLaughlin*, for plaintiff in error.

It is an old and well-settled rule in equity that where the principal debtor has given any securities or other pledges to his surety, the creditor is entitled to all the benefits of such securities or pledges in the hands of the surety, and may in equity subject them to the payment of his debt. Comyn's Digest, Chan. 4 D. C. *Wright v. Morley*, 11 Vesey, 22. 1 Story's Equity Jurisprudence, sec. 502, 638. *Moses v. Murgatroyd*, 1 Johns. Ch., 119. *Philips v. Thompson*, 2 Johns. Ch., 418. 1 Hilliard on Mortgages, 351, sec. 46; 352, sec. 48; 353, sec. 51; 357, sec. 66. Brandt on Suretyship, sec. 282. Bliss on Code Pleading, sec. 175.

*Franse & Valentine*, for defendants in error.

Cobb, J.

The demurrer in this case being general does not point out the specific grounds of objection to the petition. But upon reference to the brief of the defendant I find that the point relied upon is that the chattel mortgage had been discharged of record, and that fact not noticed in the petition.

If the mortgage had been discharged of record and any of the parties were in a position to take advantage of such fact, they certainly could not do it by demurrer. The mortgage being shown to have been duly executed and recorded in the proper office, the presumption is that it remains in full force and effect, and it is not necessary that the petition should negative every possible circumstance which might have intervened to render it inoperative. If any such have occurred the defendants should have set the same up by answer. They can not do it by demurrer.

I do not understand the defendants as controverting the proposition that plaintiff was, before the discharge of the chattel mortgage, entitled to be subrogated to its benefits as a security for the payment of the judgments. Certainly no such position could be maintained.

In a case quite in point Chancellor Walworth stated the rule in the following words: "It is well settled, however, that where a surety, or a person standing in the situation of a surety, for the payment of a debt receives a security for his indemnity, and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security. And it makes no difference that such principal creditor did not act upon the credit of such security in the first instance or even know of its existence." *Curtis v. Tyler & Allen*, 9 Paige's Ch., 432. And such I understand to be the settled law.

It is quite certain then that the district court erred in sustaining the demurrer, and the judgment must be reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.